UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:14-cr-185 (JAM) |
| RAUL CHAVEZ, *Defendant*. | |

**ORDER DENYING MOTION IN LIMINE RE POST-PLEA STATEMENTS**

The question before me is whether the Government may introduce at trial the statements of a criminal defendant and his counsel that were the product of the defendant's guilty plea that was vacated on appeal. The answer is no on the facts of this case. I conclude in light of Fed. R. Evid. 410 and basic principles of fairness that the statements at issue are not admissible. Therefore, I will deny the Government's motion to introduce these statements at trial.

**BACKGROUND**

The Government has charged defendant Raul Chavez with conspiracy to distribute cocaine. The procedural background of this case is unusual because Chavez previously pleaded guilty to this charge. He entered a plea of guilty before a magistrate judge, and then moved to withdraw his plea only moments before his sentencing was to proceed in January 2017.[1] He told me during an in-chambers conference before the sentencing that he wanted to fire his retained attorney because the attorney had allegedly misled him and persuaded him to enter into a plea agreement that he did not understand; Chavez insisted that he wanted to go to trial.[2]

---

[1] Docs. #576, #578.
[2] Doc. #578 at 4-7. Chavez's prior counsel is based in Massachusetts, and a search of the Court's docket system reflects that he has had very few appearances in federal court in Connecticut.

1

The Government urged me to deny the motion and proceed to sentencing.[3] I agreed and denied Chavez's motion on the ground that it was untimely and that he had not shown that the plea proceedings before the magistrate judge were constitutionally invalid.[4]

A short time later at the commencement of sentencing proceedings I formally accepted Chavez's plea of guilty on the basis of the magistrate judge's findings and recommendation.[5] I sentenced Chavez principally to a term of 12 years of imprisonment.[6]

With the benefit of new counsel, Chavez appealed on the ground that he was unconditionally entitled to withdraw his plea at any time prior to my formally accepting the plea based on the magistrate judge's recommendation. *See* Fed. R. Crim. P. 11(d)(1). The Government agreed and moved to vacate Chavez's conviction. The Second Circuit granted the Government's motion and remanded for further proceedings.[7] Chavez is now represented by new appointed trial counsel.

For purposes of Chavez's upcoming trial, the Government has moved *in limine* to introduce four documents related to Chavez's prior sentencing proceedings.[8]

- The first document is an excerpt from the sentencing hearing in which I inquired of Chavez's prior counsel whether there were any objections to the factual statements set forth in the presentence report, and he stated there were no objections.[9]

---

[3] *Id.* at 11 ("The government is opposed, Your Honor. I don't think there's any valid basis to withdraw his guilty plea. I think it comports with Rule 11 and all his constitutional rights. I'm not aware of any legal basis for that motion to be granted. … I think that he shouldn't be entitled to fire his lawyer at the last minute and I think we should proceed with the sentencing").
[4] *Id.* at 14.
[5] Doc. #579 at 2.
[6] Doc. #489.
[7] Doc. #600.
[8] Doc. #616.
[9] Doc. #616-1 (Ex. A).

- The second document is an excerpt from the presentence report with detailed factual statements about the conspiracy and Chavez's participation in the conspiracy, followed by a statement that "Mr. Chavez admitted the offense of conviction as well as the essential elements."[10]

- The third document bears a case caption and is titled "Sentencing Memorandum of Raul Chavez" as filed by prior counsel on Chavez's behalf.[11] The unredacted portions of the document state that Chavez "quickly accepted responsibility for his actions and admitted the offense of conviction as well as the essential elements," and it goes on to describe how "[t]he offense conducted [sic] consisted of Mr. Chavez['s] conspiracy to possession [sic] with intent to distribute and distributing 5 kilograms or more of cocaine in violation of 21 U.S.C. [sic] §§ 841 (a)(1), 841 (b)1)(A) and 846."[12]

- The fourth document is a redacted version of an undated handwritten letter that is signed in the name of Chavez and that was filed by prior counsel about two weeks prior to the sentencing.[13] The letter is addressed to me and states as follows:

  > I Raul Chavez want to thank you for taking the time to read my letter of repentance. I am sorry for my actions and realize how my actions affected others.
  > ….
  > I am full of remorse and believe everyone deserves a second chance. I ask that you all please forgive me and I promise my path will be on the right path by being a law biding citizen and helping my community.
  > ….
  > I beg all of you to please forgive me, I will not break the law again.[14]

---

[10] Doc. #616-2 (Ex. B).
[11] Doc. #616-3 (Ex. C).
[12] *Id.* at 2, 5.
[13] Doc. #616-4 (Ex. D); *see also* Doc. #465 (unredacted letter as filed).
[14] *Id.* at 2-3.

The signature of "Raul Chavez" on this letter appears to be different handwriting than the body of the letter.[15] According to Chavez's current counsel, Chavez is barely literate in the English language, and the letter was written merely for him to sign by another person.

## DISCUSSION

Rule 410(a) of the Federal Rules of Evidence bars in relevant part the admission of "evidence of … a guilty plea that was later withdrawn." Fed. R. Evid. 410(a)(1). As the advisory committee notes explain, "to admit the withdrawn plea would effectively set at naught the allowance of withdrawal and place the accused in a dilemma utterly inconsistent with the decision to award him a trial." *Ibid.* (adv. comm. note to 1972 Proposed Rules); *see also Kercheval v. United States*, 274 U.S. 220, 224–25 (1927) (same).

The scope of the bar on the admission of a guilty plea is not limited to direct evidence or statements that a defendant has previously entered a guilty plea. Instead, "Rule 410 excludes any evidence of a withdrawn plea of guilty; it does not distinguish between direct and circumstantial evidence. Hence, any evidence that would permit the jury to infer that the defendant had once pleaded guilty would be within the scope of the rule." *United States v. Escobedo*, 757 F.3d 229, 232 n.5 (5th Cir. 2014) (quoting Wright & Graham, 23 Fed. Prac. & P. Evid. § 5343, at 362 (1st ed. 1980 & Supp. 2012)).[16]

It is evident to me that each one of the documents proposed to be introduced by the Government would alert the jury to the fact that Chavez had previously entered a plea of guilty

---

[15] *Id.* at 3.

[16] The latest edition of the same treatise makes clear that the rule applies equally to pleas that have *not* been accepted but then are withdrawn as to pleas that have been accepted and withdrawn. *See* Wright & Graham, 23 Fed. Prac. & P. Evid. § 5344 (2d ed.) (noting that "[s]ince the reasons that justify refusal to accept a plea are similar to those that support withdrawal, it would seem that the same policy should apply to the evidentiary use of unaccepted pleas as is applicable to withdrawn pleas" and that "[a]lthough the language of Rule 410 is not completely clear on this point, it would seem that an unaccepted plea could be brought within the rule as a form of withdrawn guilty plea").

in this case. Documents derived from his sentencing would lead any reasonable jury to conclude that the sentencing was preceded by a guilty plea, especially where, as here, the statements at issue are in the nature of admissions to criminal conduct.

Even assuming that the Government might redact or "sanitize" the documents in some manner so that they do not disclose on their face that they were made in the context of a sentencing following a guilty plea, Chavez would be entitled to defend against the incriminating nature of these documents. He could not possibly do so without having to adduce the context in which these statements were made and to argue that his prior counsel had not competently represented him. Inevitably, the jury would learn of the prior withdrawn plea, and this would have a devastatingly unfair impact on Chavez's defense at trial.

I am troubled as well by what the record has already demonstrated about the quality of prior counsel's representation of Chavez. Despite seeking multiple continuances of sentencing, prior counsel neglected to file a timely sentencing memorandum, and this led me to enter an order requiring him to file a sentencing memorandum.[17] Prior counsel also failed to file a financial affidavit for Chavez despite the fact that Chavez faced the prospect of a multi-million dollar criminal fine. When I asked prior counsel why he had failed to do so, he professed to be unaware of any obligation to complete a financial statement and to be unaware of the portion of the presentence report noting his failure to do so.[18] In addition, prior counsel's lack of familiarity with basic federal sentencing rules was made clear when he purported to move for a type of sentence reduction that by law only the Government is empowered to seek.[19]

---

[17] Doc. #460.
[18] Doc. #467.
[19] Doc. #577 at 13-20.

5

Even assuming that Rule 410 did not apply, I would have great concerns under Rule 403 about the overall fairness of allowing the Government to introduce the documents at issue. If these documents were admitted at trial, the trial would largely devolve into a mini-trial about what weight if any to place on prior counsel's representations and advice given to Chavez, and the degree to which prior counsel's statements should be fairly attributed to Chavez. These concerns are magnified by a record that calls into question the basic competency of prior counsel.

All of this would distract from the central purpose of the trial: to determine whether the Government is able to prove its case against Chavez beyond a reasonable doubt. If the Government were permitted to use these statements at trial and if the jury returned a verdict of guilty, there would no doubt be prolix post-trial proceedings concerning whether the evidence should have been excluded as the fruit of constitutionally ineffective assistance of counsel.

The law of the case is this: Chavez was wrongly denied the opportunity to withdraw his guilty plea. Now he should have an opportunity to put the Government to its burden of proof without the jury knowing that he previously tried to enter a plea of guilty.

## CONCLUSION

The Court DENIES the Government's motion *in limine* re defendant's post-plea statements (Doc. #616).

It is so ordered.

Dated at New Haven this 1st day of September 2021.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge